HAMLIN, Justice.
This is an appeal by the State of Lotiisiana from a judgment of the trial'court which maintained a motion to quash,' annulled, quashed, and set aside a bill of information charging the defendant, a public employee on the staff of the East Baton Rouge Parish School Board, with a violation of LSA-R.S. 14:118, “Public Bribery” (the acceptance from a firm of architects and engineers of an outboard motor pur-' chased for $294.71), and discharged the defendant from further proceedings in the matter. We are entertaining a similar appeal (240 La. 913, 125 So.2d 408) from a coihp'anion case (the acceptance of a bribe of $2,400.00), and the reasoning herein will apply thereto.
Plaintiff reserved a formal bill of exceptions to the trial judge’s ruling. When tendered for his signature, the trial judge refused to sign the bill of exceptions and set forth his reasons in the following per curiam:
“The Bill of Exception in this case was timely tendered to the undersigned *912 judge for signature, but I have declined and refused to sign the same for the same reasons set forth in my Per Curiam to the Bill of Exception tendered to me in Nos. 32,775, 32,776, and 32,777, entitled State of Louisiana v. George A. Smalling. Without repeating those reasons, I do hereby make them a part of this Per Curiam as if they were fully incorporated herein. The Motion to Quash in this case was heard at the same time as the Supplemental Motions to Quash in said cases Nos. 32,775; 32,776, and 32,777. It will be noted that the grand jury which was investigating this and other charges of alleged bribery on the part of the defendant and before which this defendant testified at length about said charges, brought in a no true bill on the charge set forth in the Bill of Information in this case. Shortly thereafter the district attorney filed the Bill of Information charging the defendant with accepting the bribe in question, an 18-horsepower Johnson 'Sea Horse' Outboard Motor from the firm of Miller, Smith and Associates. Being of the opinion that this circumstance did not affect differently the application of law and pertinent constitutional provision in the premises, the reasons for my ruling in Nos. 32,775; 32,776; and 32,777 were the same in this case and I make said reasons a part of this Per Curiam as if fully incorporated herein.
“Believing that this defendant had been granted full immunity from prosecution, I sustained the Motion to Quash in this case and dismissed the prosecution.”
Cases Nos. 32,775, 32,776, and 32,777 mentioned in the per curiam, supra, are Appeals Nos. 45,054, 45,055, and 45,056 of the Docket of this Court, 240 La. 887, 125 So.2d 399; 240 La. 907, 125 So.2d 406; 240 La. 908, 125 So.2d 406.
For the reasons assigned in the case of State v. Smalling, No. 45,054 of the Docket of this Court, 240 La. 887, 125 So.2d 399, opinion rendered April 25, 1960, the judgment of the trial court is affirmed.
HAMITER and HAWTHORNE, JJ., concur in the decree.
FOURNET, C. J., absent.